BUNGE NORTH AMERICAN GRAIN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47800. Promulgated November 28, 1932.

*A. C. Newlin, Esq.,* for the petitioner.
*Chester A. Gwinn, Esq.,* for the respondent.

OPINION.

SMITH: The respondent has determined deficiencies against the petitioner of $7,790.57 for the period February 16 to December 31, 1926, inclusive, and $10,552.32 for the calendar year 1927. The respondent now concedes that there is no deficiency for the period February 16 to December 31, 1926. The only question at issue, therefore, is whether the petitioner may carry forward to 1927 the unab-

sorbed portion of its statutory net loss for 1925. The material facts have been stipulated and are as follows:

1. Petitioner and Bunge Western Grain Corporation were incorporated under the laws of the State of New York on March 17, 1923 and April 18, 1923, respectively.

2. The entire capital stock of Petitioner and said Bunge Western Grain Corporation at all times was owned and controlled by Bunge & Born, Lda., S. A., Commercial Financiera E'Industrial, a South American corporation not doing business in the United States.

3. The business of Petitioner consists in exporting from and importing into the United States all kinds of grains, and acting as selling agent in the United States for its parent. The business of Bunge Western Grain Corporation was the same as that of Petitioner, except its activities were confined to the Pacific coast and the Orient.

4. Bunge Western Grain Corporation was dissolved December 29, 1925 by the filing of a certificate of dissolution on that date in accordance with the laws of the State of New York.

5. From December 29, 1925 to and including February 15, 1926, Bunge Western Grain Corporation was in the process of liquidation and was finally liquidated on the latter date.

6. Upon the dissolution of Bunge Western Grain Corporation, Petitioner took over the territory and carried on the business formerly handled by it.

7. Petitioner and Bunge Western Grain Corporation filed consolidated Federal income tax returns for the calendar years 1925 and 1926.

8. Petitioner sustained a separate net loss for the calendar year 1925, computed in accordance with Section 206 of the Revenue Act of 1926, of $417,169.18.

9. Bunge Western Grain Corporation sustained a separate net loss for the calendar year 1925, computed in accordance with said Section, of $175,857.05.

10. Petitioner had a separate net income for the period January 1, 1926 to February 15, 1926 of $8,321.52, before deducting any part of its separate net loss for the calendar year 1925. Petitioner's income for said period did not include any dividends from domestic corporations or tax exempt interest, and its net income did not reflect any non-business deductions, depletion based on discovery value, or percentage depletion.

11. Bunge Western Grain Corporation had a separate net loss, computed in accordance with Section 206 of the Revenue Act of 1926, for the period January 1, 1926 to February 15, 1926, of $84,918.01, before deducting any part of its separate net loss for the calendar year 1925.

12. Petitioner had a net income for the period February 16, 1926 to December 31, 1926 of $57,707.94, before deducting any part of its separate net losses for the calendar year 1925 and the period January 1, 1926 to February 15, 1926. Petitioner's income for said period did not include any dividends from domestic corporations or tax exempt interest, and its net income did not reflect any non-business deductions, depletion based on discovery value, or percentage depletion.

13. Petitioner had a net income for the calendar year 1927 of $78,165.36, before deducting any part of its separate net losses for the calendar year 1925 and the period January 1, 1926 to February 15, 1926.

14. Petitioner was not affiliated with any other domestic corporation during the period February 15, 1926 to December 31, 1926, and the calendar year 1927.

The annual accounting period of both Petitioner and Bunge Western Grain Corporation during the time covered by this appeal was the calendar year, and both Corporations computed net income upon a calendar year basis.

Section 206 (b) of the 1926 Act provides, with respect to net losses, as follows:

If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

A taxable year is defined in section 200 of the 1926 Act as follows:

(a) The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. * * *

The respondent contends that no part of the petitioner's 1925 net loss may be carried beyond December 31, 1926; that, with respect to the disposition of the petitioner's net loss for 1925, the petitioner's second taxable year was the period January 1 to February 15, 1926, for which the petitioner was required to file a consolidated return with its affiliated company, and that the period from February 16 to December 31, inclusive, for which the petitioner was required to file a separate return, was the third taxable year. The respondent, in support of his contention that the petitioner was required to file a consolidated return for the period January 1 to February 15, 1926, cites *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436; *Swift & Co.* v. *United States*, 69 Ct. Cls. 171; and *Tolerton & Warfield Co.*, 23 B. T. A. 892.

In *Sweets Co. of America* v. *Commissioner, supra,* two corporations were affiliated for the first six months in 1929, when a new corporation was organized and affiliated with them. The three corporations remained affiliated for the next four months, when the two first affiliated companies were merged into the new company. The court held that there was required a consolidated return for all three companies for the first 10 months of the year (reversing the Board's ruling that two separate consolidated returns were required for that period) and a single return for the merged corporation for the last two months of the year. The same court, the Circuit Court of Appeals for the Second Circuit, later held in *American Paper Exports, Inc.* v. *Bowers*, 54 Fed. (2d) 508, that, where a parent corporation was organized in April, 1918, to take over a subsidiary which had existed from the beginning of the year, only one consolidated return was required for the entire year, in which should be reported the separate income of the subsidiary for the period prior to

affiliation and the consolidated income of the subsidiary and parent for the remainder of the year. Commenting on its prior decision in *Sweets Co. of America* v. *Commissioner, supra,* the court said:

* * * We required a consolidated return for the first period of ten months, during part of which two affiliates were alone, and a separate return for the second period of two months during which the "parent" was alone. It is a little hard to see why, if one return was proper for the first ten months, it was not proper for the whole year; there was no period in which any two affiliates were in existence at the same time but unaffiliated. The business of all was thus strictly a unit throughout the year, though managed by successive companies. Possibly we were influenced by the fact that the "subsidiaries" were merged in the "parent"; because if this resulted in giving the "parent" a new corporate personality, a separate return for the last two months was of course proper. So far as we required the second return, the decision must stand upon that assumption; so far as we required a single return for the first ten months, it is authority for our present action. * * *

In the instant case, there was no merger of the affiliated companies resulting in the creation of "a new corporate personality." The affiliated company here was dissolved and its existence was terminated during the year, leaving the petitioner with the same corporate personality that it had at the beginning of the year and at all times during the year.

*Swift & Co.* v. *United States, supra,* is not authority for the position taken by the respondent in this proceeding. The case holds, in effect, that changes in the affiliated group by which one corporation was separated from and another added to the group did not affect the taxable year of the affiliated group composed of other companies, which continued without corporate change throughout the entire year. The decision seems to us to be less favorable to the respondent than to the petitioner's contention in this proceeding that its taxable year was not affected by the withdrawal or dissolution during the year of its affiliated company. It may be noted, however, that *Swift & Co.* v. *United States* arose under the 1918 Act and that no consideration was there given to the statutory definition of a "taxable year" appearing in section 200 (a) of the 1924 and 1926 Acts. See *Tolerton & Warfield Co., supra; Weissberger Moving & Storage Co.,* 26 B. T. A. 1375.

In *Tolerton & Warfield Co., supra,* we held that the taxpayer was required to file a separate return for the period of 1924 prior to its affiliation with two other corporations, which occurred on April 26, 1924, and that the three companies were required to file a consolidated return for the remainder of the year. All three of the corporations were in existence for the entire period of 1924 preceding the affiliation.

In other cases where we have held that separate returns were required of corporations for fractional parts of a year, either prior

or subsequent to affiliation, the corporations had a separate existence for such period. On the other hand, we have held in numerous cases that where one corporation or an affiliated group of corporations is in existence for the entire year, either calendar or fiscal, and during the year a new corporation is organized and becomes affiliated with the old corporation or group of corporations, only one consolidated return is required for the entire year. See *Automatic Fire Alarm Co. of New York*, 13 B. T. A. 1195; *Hutt Contracting Co.*, 17 B. T. A. 818; *Margay Oil Corp.*, 26 B. T. A. 199; *H. S. & M. W. Snyder, Inc.*, 26 B. T. A. 692, and cases therein cited. To the same effect is *Sweets Co. of America* v. *Commissioner, supra; American Paper Exports, Inc.* v. *Bowers, supra.* In *Automatic Fire Alarm Co. of New York, supra*, we said:

* * * There was no period in 1920 for which the Delaware company was liable to file a return of its separate income. At all times during its existence in 1920 it was affiliated with the New York company. For the purposes of the computation of net income, it had no separate existence, but was merged with the New York company into an affiliated group. There is no such necessity for requiring several returns as existed in the case cited above or in the case of *B. T. Couch Glue Co.*, 12 B. T. A. 1321, where one of the corporations concerned had a short separate existence. We are of the opinion that the income of these two companies for 1920 must be computed on the basis of a consolidated return of their income for the full year. See *Carroll Chain Co.*, 1 B. T. A. 38; *United States* v. *Carroll Chain Co.*, 8 Fed. (2d) 529. It may be noted that this conclusion is in accord with articles 634 of Regulations 69.

We do not see that any distinction should be made where, as in the instant case, one of the corporations which was affiliated for the first part of the year was dissolved during the year and the other continued in business throughout the year. There was no period during the entire year when the petitioner and its affiliated company were both in existence and not affiliated.

We are of the opinion, therefore, that only one consolidated return was required of petitioner for the entire calendar year 1926 and that, with respect to the petitioner's 1925 net loss, the calendar year 1926 was the petitioner's " succeeding taxable year," and that the calendar year 1927 was the petitioner's " next succeeding taxable year," and that the excess of the petitioner's net loss for 1925 over its 1926 income is an allowable deduction in computing its income for 1927.

Since the petitioner's net loss for 1925 exceeded its income for 1926 and 1927, the result is no taxable income for either of the periods for which the respondent has determined the deficiencies herein.

*Judgment will be entered for the petitioner.*